UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DIANE WILKINS | CIVIL ACTION NO. 6:17-cv-00011 |
| VERSUS | JUDGE DOHERTY |
| CONTINENTAL CASUALTY COMPANY, HOYT & STANFORD, L.L.C., and TED HOYT | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending before the court is the defendants' motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Rec. Doc. 7). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. (Rec. Doc. 11). The motion is opposed, and oral argument was held on April 20, 2017. Considering the evidence, the law, and the arguments presented, and for the following reasons, it is recommended that the motion be granted.

### BACKGROUND

According to the allegations set forth in the plaintiff's complaint, Nadine Cook and her husband Hiel Cook retained the services of attorney Ted Hoyt of the law firm Hoyt & Stanford, LLC for the purpose of creating a trust. The trust, created on February 17, 2010, was called the Hiel and Nadine Cook Children's Trust. Mr. and

Mrs. Cook were the settlors of the trust, and they were also the trust's income and principal beneficiaries. The alternative income and principal beneficiaries were the Cooks' children, Jerry Cook and Diane Wilkins. The trust provided that, after the death of both settlors, the principal would be distributed to the children, and the trust would be terminated. The trust further provided that, if Jerry Cook died before the trust terminated, his portion of the trust assets were to go to his wife, Vida Cook.

The complaint alleged that Hiel Cook died on February 10, 2012, and that about a year later, on January 31, 2013, Nadine Cook engaged Mr. Hoyt's services for the purpose of preparing a last will and testament. Nadine Cook's 2013 will contained some small bequests and named the trust as her residual and primary legatee.

The complaint alleged that Jerry Cook died on September 4, 2014. Shortly thereafter, Nadine Cook consulted with Mr. Hoyt for the preparation of a new will, which was signed on September 24, 2014. Aside from a few small bequests, the residual and primary legatee of Mrs. Cook's new will was the plaintiff, Diane Wilkins.

The complaint alleged that, approximately two years later, Mrs. Cook asked Mr. Hoyt to prepare a third will, which was signed on January 4, 2016. This will

eliminated the small bequests and left the entirety of Mrs. Cook's estate to Ms. Wilkins. Mrs. Cook died soon thereafter, on May 13, 2016.

At the time of Mrs. Cook's death, the trust allegedly contained assets valued at about $900,000. The complaint alleged that the combined effect of the trust and the will is that, after Mrs. Cook's death, Ms. Wilkins received half of the trust assets while her deceased brother's wife, Vida Cook, received the other half.

The complaint did not allege that the trust or the will is invalid. Instead, the plaintiff contended, in her complaint, that Mr. Hoyt and his law firm were negligent because Mr. Hoyt did not advise Mrs. Cook that, in order for her to leave "everything" to Ms. Wilkins, she would first have to revoke the trust. The plaintiff sued Mr. Hoyt, his law firm, and his insurer.

## LAW AND ANALYSIS

### I. THE APPLICABLE STANDARD

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

-3-

is plausible on its face."[2] The allegations must be sufficient "to raise a right to relief above the speculative level,"[3] and the pleading must contain more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.[4] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] If the plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[6] Rule 12(b)(6) motions to dismiss are viewed with disfavor and rarely granted.[7]

When considering a Rule 12(b)(6) motion, a district court is generally required to limit itself to the contents of the pleadings, including any attachments thereto.[8] The court must accept all well-pleaded facts as true, and it must view them in the light

---

[2] *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[4] *Bell Atlantic v. Twombly,* 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[5] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498.

most favorable to the plaintiff.⁹ Conclusory allegations and unwarranted deductions of fact are not accepted as true,¹⁰ and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."¹¹

## II. THE WILL AND TRUST DOCUMENTS SUBMITTED BY THE DEFENDANTS MAY BE CONSIDERED IN RULING ON THE PENDING MOTION

Generally, in deciding a motion to dismiss for failure to state a claim, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."¹² The Fifth Circuit has held, however, that the "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."¹³ In this case, the trust and the will signed by Mrs. Cook in 2016 were referred to in the complaint, these documents are central to the plaintiff's

---

⁹ *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5ᵗʰ Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5ᵗʰ Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5ᵗʰ Cir. 1996).

¹⁰ *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d at 1050; *Collins v. Morgan Stanley*, 224 F.3d at 498.

¹¹ *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

¹² Fed. R. Civ. P. 12(b).

¹³ *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5ᵗʰ Cir. 2000). See also *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5ᵗʰ Cir. 2007); *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5ᵗʰ Cir. 2004).

claims, and copies of both documents were filed in the record along with the defendants' motion to dismiss. Therefore, this Court finds that the contents of the trust and the 2016 will may be considered in ruling on this motion without converting the motion to dismiss to a motion for summary judgment.

### III. THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

The defendants argued that there are two reasons why the plaintiff's complaint fails to state a claim. First, the defendants argued that the plaintiff was not Mr. Hoyt's client and consequently lacks standing to assert a claim of negligence or legal malpractice against him, even if she is a third-party beneficiary of the will. Second, the defendants argued that, upon Mr. Cook's death, the trust became irrevocable and Mrs. Cook, acting alone, could not have revoked the trust even if she had wanted to do so. The resolution of both of these issues will depend upon Louisiana law, since the court's subject-matter jurisdiction is based on the parties' diversity of citizenship. In diversity cases, federal courts must apply state substantive law.[14] To determine Louisiana law in such a situation, a federal court looks to the final decisions of the Louisiana Supreme Court.[15]

---

[14] *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997)).

[15] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

As the Fifth Circuit Court of Appeals has observed: "Of course, there can be no cognizable negligence absent a duty to act."[16] Under Louisiana law, a negligence action requires proof of five elements: that the defendant had a duty to conform his conduct to a specific standard of care, that the defendant failed to do so, that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, that the defendant's conduct was a legal cause of the plaintiff's injuries, and actual damages sustained by the plaintiff.[17]

Ordinarily, a lawyer owes a duty only to his client. Therefore, "[a]lthough an attorney may be liable to a non-client for an intentional tort, under Louisiana law, only a client has an action against an attorney for legal malpractice."[18] "Legal malpractice" refers to negligence or breach of contract in the performance of legal services.[19] "Louisiana jurisprudence provides that to establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship;

---

[16] *Curb Records v. Adams & Reese L.L.P.*, No. 98-31326, 203 F.3d 828, 1999 WL 1240800, at *4 (5th Cir. 1999).

[17] *Christy v. McCalla*, 2011-0366 (La. 12/06/11), 79 So. 3d 293, 299.

[18] *Henning Construction, Inc. v. First Eastern Bank and Trust Co.*, 92-0435 (La.App. 4 Cir. 3/15/94), 635 So.2d 273, 277, writ denied, 94-1544 (La. 09/30/94), 642 So.2d 870.

[19] *Desire Narotics Rehabilation Center, Inc. v. White*, 97-CA-2758 & 98-CA-0925 (La. App. 4 Cir. 04/14/99), 732 So.2d 144, 146.

2) negligent representation by the attorney; and 3) loss caused by that negligence.[20] In this case, there is no allegation that the plaintiff was Mr. Hoyt's client.

There are, however, certain situations in which a lawyer may be sued for negligence by someone other than his own client. For example, the Louisiana Supreme Court has held that, because legatees are third-party beneficiaries of a will, a legatee may assert a claim against the attorney who prepared a will when it is alleged that the will – or some part of the will – is invalid.[21]

> In the confection of a. . . will. . ., the notary is well aware that the benefit bestowed on the legatees by that act is contingent upon the observance of the prescribed formalities. The consequences of his failure to observe these formalities is foreseeable. Where, as a result of his negligent failure to use reasonable care to comply with these formalities, the bequest is rendered invalid, [and] the notary may be held liable in damages to the injured legatee in tort.[22]

Indeed, the Louisiana Supreme Court later reiterated the principle that third-party beneficiaries might have a cause of action against a lawyer when distinguishing that situation in the course of holding that an attorney cannot be sued for negligence or

---

[20] *Teague v. St. Paul Fire and Marine Ins. Co.*, 2007-1384 (La. 02/01/08) 974 So.2d 1266, 1272, (citing *Costello v. Hardy*, 03-1146 (La. 01/21/04), 864 So.2d 129, 138).

[21] *Succession of Killingsworth*, 292 So.2d 536 (La. 1973).

[22] *Succession of Killingsworth*, 292 So.2d at 543.

malpractice by his client's adversary.[23]  Therefore, Louisiana jurisprudence is clear that a non-client third-party beneficiary may sue an attorney in negligence – at least in the situation where the non-client was the legatee of an allegedly invalid will. Here, the plaintiff strenuously contends, however, that she is not arguing that Mrs. Cook's will is invalid.  Similarly, she is not arguing that the trust is invalid.  Still, she contends that, as a third-party beneficiary of Mrs. Cook's will, she is entitled to assert a negligence claim against Mrs. Cook's attorney.  But neither party to the instant lawsuit has identified a single Louisiana lawsuit in which it was held that a legatee or a purported legatee was permitted to sue a testator's attorney for damages, claiming that, under the terms and provisions of a valid will, she failed to receive her rightful share of the testator's estate due to the negligence of the testator's attorney.  If such an action were permissible, anyone could sue any lawyer with a trust and estate practice, claiming that they should have received more – or should have received something – in any friend or relative's will due to an act or omission by the attorney in drafting the will.

This conclusion is bolstered by the fact that Mrs. Cook's will clearly and expressly leaves to the plaintiff "my entire estate." (Rec. Doc. 7-1 at 1). The property belonging to the trust created by Mr. and Mrs. Cook was not part of Mrs. Cook's

---

[23] *Penalber v. Blount*, 550 So.2d 577, 578 n. 2 (La. 1989).

estate. Under Louisiana law, a trust is defined as "the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another."[24] This means that title to the trust property was transferred from Mr. and/or Mrs. Cook to the trust when the trust was created. Therefore, any property that Mrs. Cook might have previously owned but placed in the trust was no longer owned by Mrs. Cook and no longer able to be bequeathed by her through her last will and testament. The will – which must be viewed as expressing Mrs. Cook's intentions since there is no allegation that it is in any way invalid – does not support the plaintiff's contention that Mrs. Cook intended to leave to the plaintiff anything more than what was in her estate and thus able to be donated to her in the will.

Further, the plaintiff would not be able to establish any contrary intention to the clear language of the will as it is well-settled that neither extrinsic nor parol evidence can be used to establish testamentary intent.[25]

Accordingly, this Court finds that, in a situation such as that presented here, where the legatee of a will sues the testator's attorney in negligence related to the drafting of a will and trust or the advice given to the client with regard to the

---

[24] La. R.S. 9:1731.

[25] *Succession of Shows,* 166 So.2d 261, 263 (1964); *Succession of Cannon,* 2014-0059 (LA. App. 1st Cir. 3/25/15) 166 So.3d 1097, 1102 and cases cited therein.

preparation of a will or trust, but contends that both the will and trust are valid, the plaintiff has failed to establish that the attorney owed a duty to the legatee and, consequently, has failed to state a plausible negligence claim against the attorney.

Having found that Mr. Hoyt and his law firm owed no duty to the plaintiff, this Court concludes that the plaintiff has not stated a plausible claim against the defendants, and it is recommended that the motion to dismiss be granted.

Having found, with regard to the defendants' first argument, that the plaintiff failed to state a plausible claim against Mr. Hoyt and his law firm, it is not necessary to consider whether Mrs. Cook could or could not have terminated the trust after the death of her husband, and this Court pretermits further discussion of that issue.

## CONCLUSION

For the foregoing reasons, this Court recommends that the defendants' motion to dismiss for failure to state a claim on which relief may be granted (Rec. Doc. 7) be GRANTED, and the plaintiff's claims be DISMISSED WITH PREJUDICE.

Signed at Lafayette, Louisiana on this 20th day of April 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE